UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DWYANE C LYMORE,

  Plaintiff,

v.               Case No: 5:20-cv-340-PRL

TIMOTHY COOKE and DENIS
MCDONOUGH,

  Defendants.

_____

## ORDER

Before the court are several matters: Plaintiff's motion for default judgment against Defendant Timothy Cooke (Doc. 32); Defendants' motion to vacate the clerk's entry of default and dismiss the complaint against Mr. Cooke (Doc. 33); and Plaintiff's filing of copies of his certified mail receipts apparently related to his efforts to serve the complaint, styled as an application for entry of evidence (Doc. 35).

### I. BACKGROUND

On July 27, 2020*, pro se* Plaintiff Dwayne C. Lymore initiated this employment discrimination case. On May 28, 2021, the court dismissed the case without prejudice for failure to prosecute. (Doc. 19). On July 23, 2021, the court granted Plaintiff's motion for reconsideration and vacated the order dismissing the case. (Doc. 23).

On August 12, 2021, Plaintiff filed a second amended complaint that identified Timothy Cooke (the director of a VA facility in Orlando) and Denis McDonough (the secretary of the Department of Veterans Affairs) as defendants. (Doc. 24). Plaintiff served Mr.

Cooke on September 7, 2021 (Doc. 26) and served Mr. McDonough at the VA in Washington, D.C. on September 29, 2021. (Doc. 29).

On October 8, 2021, Plaintiff moved for entry of default against Mr. Cooke (Doc. 27), which was entered on October 12, 2021. (Doc. 28). Plaintiff now moves for default judgment against Mr. Cooke (Doc. 32). The defendants oppose the entry of a default judgment against Mr. Cook and ask the Court to vacate the clerk's default against him and to dismiss him as a party with prejudice. (Doc. 33).

## II.   DISCUSSION

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

Plaintiff brings this employment discrimination case under Title VII of the Civil Rights Act, the ADA, and Section 504 of the Rehabilitation Act. (Doc. 24). Title VII provides for

relief against an employer, not individual employees. *Hinson v. Clinch Cty., Georgia Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (quoting *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)). Mr. Cooke is the director of the VA Medical Center in Orlando, Florida. (Docs. 24, 33). He is not the secretary of the Department of Veterans Affairs.

Indeed, courts have consistently held that "the head of the relevant agency is the proper defendant in a Title VII case." *Hooker v. Wilkie*, No. 8:18-CV-696-T-33TGW, 2018 WL 4107952, at *6 (M.D. Fla. Aug. 29, 2018); *see also Council v. Shinseki*, No. 609CV1406ORL35GJK, 2010 WL 11507556, at *1 (M.D. Fla. May 20, 2010) ("It is beyond dispute that the only proper defendant in a Title VII action against a federal employer is the Secretary of the agency."); *Canino v. United States E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983) ("We conclude that the district court correctly dismissed the defendants since the head of the agency involved is the only appropriate defendant in a Title VII action under section 717.").

The same rule applies to a claim for discrimination under the Rehabilitation Act. *Farrell*, 910 F. Supp. at 618 ("The only proper Defendant in a Title VII suit or a claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff."); 29 U.S.C. § 794a(a)(1) (incorporating Title VII's procedures to the Rehabilitation Act). Further, the ADA excludes the United States from its definition of an "employer." 42 U.S.C. § 12111(5)(B); *Brown v. Henderson*, No. CIV. A. 99-1000-CB-L, 2000 WL 362035, at *1 (S.D. Ala. Mar. 16, 2000) ("[T]he ADA does not apply to federal employers."). Individual liability is also precluded for violations of the ADA's employment discrimination provision. *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007). Again, Mr. Cooke is not the head of the agency.

Accordingly, because Mr. Cooke is an improper defendant in this action, he is dismissed from the case and Plaintiff's motion for default judgment is due to be denied. Mr. McDonough, the Secretary of the Department of Veterans Affairs, remains a defendant in this action and has filed an answer. (Doc. 39).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause. . ." The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether to set aside an entry of default the court considers whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id.* at 951.

"To establish a meritorious defense, the moving party has the burden of 'mak[ing] an affirmative showing of a defense that is likely to be successful.'" *Robinson v. Zion Dry Cleaners, Inc.*, No. 1:17-CV-62213-UU, 2018 WL 11202135, at *2 (S.D. Fla. May 7, 2018) (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). Here, good cause exists to set aside the entry of default because Mr. Cooke presented a meritorious defense that he was not a proper party to this litigation. Accordingly, the clerk's default entered against Mr. Cooke (Doc. 28) is due to be vacated.

Finally, Plaintiff's application for entry of evidence is merely Plaintiff's effort to file on the docket his proof of service. Therefore, Plaintiff's motion (Doc. 35) is due to be denied as moot.

### III.   CONCLUSION

Accordingly, it is ordered that

1. Plaintiff's motion for default judgment against Defendant Timothy Cooke (Doc. 32) is denied.

2. Defendants' motion to vacate the clerk's entry of default and dismiss the complaint against Defendant Timothy Cooke (Doc. 33) is granted.

3.  Plaintiff's application for entry of evidence (Doc. 35) is denied as moot.

**DONE** and **ORDERED** in Ocala, Florida on January 4, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties