UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DWYANE C LYMORE,

    Plaintiff,

v.   Case No: 5:20-cv-340-PRL

DENIS MCDONOUGH,

    Defendants.

## ORDER

In this case, the *pro se* Plaintiff brings claims of employment discrimination relating to his employment at the Orlando VA Medical Center under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. (Doc. 24). Two motions are currently pending before the Court.

First, Plaintiff has moved for an extension of time to amend the second amended complaint. In his motion, Plaintiff recites that he seeks an enlargement of time for the purpose of adding his supervisors Leonard Hill (EMS Department Head) and Ramon Ward (an immediate supervisor) as defendants in their official capacity. (Doc. 60). As the Court explained in detail in its previous Order, however, the head of the relevant agency is the proper defendant in a case brought under Title VII, the Rehabilitation Act, and the ADA. (Doc. 43 at 3).

The relevant agency in this action is the Department of Veterans Affairs. Plaintiff has already named Secretary Denis McDonough, the head of the Department of Veterans Affairs, as a party to this action. Neither Leonard Hill nor Ramon Ward are the heads of the agency and are therefore improper defendants in this action. For the reasons explained above and as

- 2 -

previously explained in the Court's prior Order providing a detailed discussion of the proper defendants under the applicable law (Doc. 43 at 3), Plaintiff's motion for an enlargement of time to amend the complaint (Doc. 60) is **DENIED**.

Next, Defendant has moved for an order compelling Plaintiff to respond to discovery requests. (Doc. 62). On March 25, 2022, Defendant served plaintiff with written discovery requests, including interrogatories and requests for production that would have been due on April 24, 2022. (Docs. 62-1 & 62-2). Upon Plaintiff's requests, Defendant granted extensions of time at least twice, including agreeing to a deadline of May 31, 2022. The extended deadline for responding to the discovery has expired and Plaintiff failed to respond to the discovery requests. Plaintiff has also failed to respond to Defendant's motion to compel.

Accordingly, Defendant's motion to compel (Doc. 62) is **GRANTED**. On or before July 22, 2022, Plaintiff is directed to respond to Defendant's discovery requests, including interrogatories and requests for production. (Docs. 62-1 & 62-2).

**DONE** and **ORDERED** in Ocala, Florida on July 1, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties